It's your time. And you understand we will hold you to the same rules that we would an attorney? Do you understand that? Yes. Okay. Please proceed. Good morning, Your Honor. Good morning, everyone. The reason I'm here today is to request that my case be reopened. I'm requesting that because the appeal to reconsider was an error. And because of that error, the court could not take any new evidence. Your Honor, I understand my request is not the way to go around the law. I'm not trying to break the Constitution. I'm thankful to this country. I respect the law. But I want to give you a chance to reopen the case. Because the new evidence I want to bring in is related to my health condition and also my wife's health condition. I have a cancer problem. I'm under medication. And also my wife, she got the disease. She's HIV positive. She got the disease back February 1992 when she was raped in the Jenin Ivory Coast. Your Honor, I want to thank you. And I want to ask you to give me a chance to reopen the case. Thank you. Okay. We'll hear from the government at this time. Thank you, Mr. Taffney. Thank you, Mr. Taffney. May it please the Court, Donald Kuvion for Respondent. Your Honors, we see the case more as one involving the merits of the denial and not the reopening, since the reopening material is quite questionable in regard to either the facts of this case or whether it's just old material. So unless the Court disagrees with me in that regard, I'll proceed with a few comments about the denial of the asylum claim itself. I think that's fine. The core incident in this case that the FactFinder focused on and that seemed to occupy the center of the claim was a 1992 incident in which the petitioner and his wife, among others, participated in a demonstration and were detained for a few weeks and abused. The FactFinder in general found the petitioner a credible witness. But in regard to that core event, that pivotal event, did not believe the petitioner's claim because the FactFinder said that it lacked sufficient detail and therefore he found it unbelievable and implausible and further undercut by his actions for some year to 14 months thereafter. The FactFinder said, to the satisfaction of the Court, he was not satisfied with the evidence. This is the evidence of the prison escape and then reporting for work? Yes. That's within the whole event. It started, of course, with the detention, the arrest and detention. That is what we see as the real issue in the case. Is an immigration judge under any obligation to provide, when the FactFinder, the immigration judge, finds a story to be implausible, to provide details for their reasons for the finding of implausibility? Or is it enough simply for the IJ to say, I've listened to this particular testimony very carefully and I simply find the story, which is at the heart of the claim, to be implausible? In the best case, of course, the FactFinder would give particular reasons for the doubt. In this case, it was somewhat the opposite of that because what he said was it just didn't have the details that I, the FactFinder, want. It was too, in other words, conclusory or summary in its recitation. That is what I understand it to be and that is the finding. Of course, it would have been better if examples had been proffered, but that is not the case here. What do you mean, I don't understand, it's not the case here? Are you saying that this record shows he just said that's improbable and he didn't say anything why? The findings, the finding in that regard in the record is at 225 and 228 to 230. And it's also on 227. But what more are you suggesting he should have done if you're confessing error? I'm not confessing error, Your Honor. I was trying to respond to the question of tell me what's wrong then with what he said in your view. He said the respondent has not explained to the satisfaction of the court how he could have been fortunate enough to make an escape from prison in the capital of the Ivory Coast and yet feel free to go thereafter to his former government employer, etc., etc., etc. He explains why he thinks it's improbable. Are you suggesting there's something more he should have done? I don't get your response to the question of Judge Hawkins to square with that. Well I just want to know your position. My position is that the immigrant, the fact finder did not believe the recitation of this incident. That's right. He found it factually insufficient. Yes. The question of Judge Hawkins was did he have to go into detail. I take it from your response was that he did not go into detail. And I'm wondering why this isn't detail. I just want to know your position. That's all. My position was that it can always include something else. In this case, because he says it's lacking in something, there's not a lot more he could say other than to give examples of what's lacking. That's my point. Okay. So I guess it boils down to how much deference a reviewer gives to the fact finder. Well, it's a very odd opinion, I think. I mean, in the sense, usually if we get an IJ opinion, and there's adverse credibility issues, the immigration judge says, I don't believe this person. Right. Here, it's pretty clear that the immigration judge did believe the Petitioners. Talking about demeanor was credible and so forth. And then in this language, the Court reluctantly concludes that the account is not sufficiently detailed. I agree. I can't dispute that, that that is what transpired. Yes. But is the fact if you believe someone and they say, well, but their account just isn't detailed enough, so I don't think I can believe them. To me, it's internally inconsistent. Perhaps you can explain it as an expression of sympathy. I don't know. But it is unusual to see that language, and you would agree, I think. I certainly do. And there's a fine line in most cases between a finding of the credibility of the witness in general and, as in this case, an implausibility or a believability finding in regard to aspects of the claim. And that's what this is. And, yes, it is unusual. It sounds like you're not sure what else can be added. I'm not. Okay. All right. Thank you for your argument. May I just add one thing that seems to have escaped briefing altogether, although it's in the record, including the government's brief? The record indicates in regard to the newly proffered material that the party of the petitioner and his patron is now the ruling party of the country and that Mr. Gbagbo is the president and that his party is now the largest political party in the country and he was elected in a free election. So that in the event this case should be remanded, I would suggest to the Court that if that should happen, that it would then be in a posture where the agency should have an opportunity to request country conditions. You want a Ventura remand if we remand? Sir? You want a Ventura remand if we remand? If it happens, Your Honor. Okay. Thank you for your argument. Mr. Tepe, would you like to tell us anything more? Your Honor, I know Mr. Gbagbo is in office after a free election, but the situation, the political situation in Africa is not improving. There is fighting going on and the rebels occupy half of the country and the action is directed against FBI members. I belong to that political party and those rebels, the headquarter is in Buake. When I get out of jail, that's where I stay with my friend. And in 2002, when the rebels attacked the country, they killed my friend, Honoré. And in Africa, especially in Ivory Coast, the cities are very tiny cities and people know each other. When I was a recruiter for the FBI, I used to travel in Buake, in Amman, in Segura, in Odena, in Korogo. All of those cities are under rebel control and they still arm and they attack people daytime, nighttime. And even last month, the United Nations warned every single American not to travel to Ivory Coast because the country is not stable. So, Mr. Gbagbo, being in office is not enough to bring peace and the freedom we're looking for. And I have two born American children. My daughter is eight. My son will be four in April. But most of those Americans, they want not to go to Ivory Coast. So, Your Honor, the only thing I'm seeking is help. I want you to reopen the case, then I can bring in new evidence. I want to thank you. Thank you, Mr. Tapé. The case just argued will be submitted for decision. We'll proceed to the next case on the calendar.
judges: Wallace, Hawkins, Thomas